UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW ALLEN,
    *Plaintiff*,

v.

JOHN HARKINS,
    *Defendant*.

No. 3:20cv964 (JAM)

**ORDER TO SHOW CAUSE WHY COMPLAINT
SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Matthew Allen has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant John Harkins. Because it appears that the complaint does not allege facts that give rise to plausible grounds for relief, the Court issues this order to show cause for Allen to file a response by **July 24, 2020**.

BACKGROUND

On July 13, 2020, Allen filed a *pro se* complaint against Harkins alleging that Harkins was a local police officer who conducted a traffic stop of Allen's car and arrested Allen for driving under the influence. Doc. #1 at 5. The complaint alleges that the arrest was "an unlawful seizure/false arrest because his BAC [blood alcohol content] on the breathalyzer was only .02," below the legal limit. *Ibid.* On the other hand, Allen describes how he told the officer that he had had three beers at a bar and smoked marijuana earlier that day. *Id.* at 6. Allen alleges that "[t]hough I truly believe I was not-guilty of this crime the Clinton PD officer arrested me for, after reading the arrest report, I am of the opinion the officer's arrest was valid and other than being somewhat harsh and inaccurate in his arrest report based on the way I remember the situation, the officer was not guilty of any misconduct." *Ibid.*

1

## DISCUSSION

The Court has authority to review and dismiss a complaint if it is "frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Allen may promptly respond or file an amended complaint that addresses these concerns.

The Fourth Amendment to the U.S. Constitution protects the right of the people to be free from unreasonable search or seizure. *See* U.S. Const. amend. IV. A false arrest claim under the Fourth Amendment requires a showing that there was no probable cause for the arrest. *See Berg v. Kelly*, 897 F.3d 99, 110 (2d Cir. 2018). "An officer has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed ... a crime." *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013). Probable cause is a "fluid" standard that "does not demand hard certainties or mechanistic inquiries"; nor does it

"demand that an officer's good-faith belief that a suspect has committed or is committing a crime be correct or more likely true than false." *Zalaski v. City of Hartford*, 723 F.3d 382, 389–90 (2d Cir. 2013) (citing *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

In other words, the requirement of probable cause does not mean that the officer must be actually right that an arrestee has committed a crime but only that the officer have reasonable grounds at the time to conclude that the arrestee has committed a crime. Moreover, where as here a plaintiff seeks to hold an officer liable to pay money damages for a false arrest, the officer is entitled to qualified immunity so long as he had even *arguable* probable cause to believe that a crime occurred. *See, e.g., Betts v. Shearman*, 751 F.3d 78, 83 (2d Cir. 2014); *Ozga v. Elliot*, 150 F. Supp. 3d 178, 189 (D. Conn. 2015).

Although Allen alleges that he was subject to false arrest, he also states that "the officer's arrest was valid" and that Harkins "was not guilty of any misconduct." Doc. #1 at 5. Indeed, Allen acknowledges that he told Harkins that he drank three beers and smoked marijuana on the same day prior to the traffic stop. These allegations suggest to me that, although Allen disputes that he was actually guilty of driving under the influence, he does not dispute that Allen had at least arguable probable cause at the time to believe that Allen was driving under the influence. If Harkins had arguable probable cause to arrest Allen, then Harkins would be entitled to qualified immunity from Allen's claim against him.

Apart from whether there was arguable probable cause to support an arrest, a false arrest claim requires proof that there was a favorable termination of the charge for which the arrest occurred and no other basis for a valid arrest. *See, e.g., Miles v. City of Hartford*, 445 F. App'x. 379, 383 (2d Cir. 2011) (citing *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992)); *Miller v. Stallworth*, 2018 WL 3974730, at *4 (D. Conn. 2018). Here, however, the complaint does not

allege any facts concerning the subsequent disposition of any charges for which Allen was arrested. Accordingly, the complaint does not allege a necessary element to support a false arrest claim.

## CONCLUSION

For the reasons stated above, it appears that the complaint is subject to dismissal on the ground that that there was at least arguable probable cause for Harkins to arrest Allen and on the ground that Allen has not alleged that the charge or charges for which he was arrested were later terminated in his favor. The Court will allow Allen an opportunity to file a response by **July 27, 2020**, to explain why this action should not be dismissed or to file by that date an amended complaint that sets forth factual allegations to overcome the concerns stated in this ruling.

It is so ordered.

Dated at New Haven this 17th day of July 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge