UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW ALLEN,
    *Plaintiff*,

v.

JOHN HARKINS,
    *Defendant*.

No. 3:20cv964 (JAM)

**ORDER DISMISSING COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Matthew Allen has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant John Harkins alleging that Harkins subjected Allen to false arrest and malicious prosecution. Because Allen has failed to allege facts that plausibly show a favorable termination of the charge against him, I will dismiss the complaint without prejudice.

### BACKGROUND

On July 13, 2020, Allen filed a *pro se* complaint against Harkins alleging that Harkins was a local police officer who conducted a traffic stop of Allen's car and arrested Allen for driving under the influence. Doc. #1 at 5. The complaint alleges that the arrest was "an unlawful seizure/false arrest because his BAC [blood alcohol content] on the breathalyzer was only .02," below the legal limit. *Ibid.* The complaint does not allege any facts about the subsequent disposition of the arrest and any charges filed against Allen.

### DISCUSSION

The Court has authority to review and dismiss a complaint if it is "frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). If a

plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

I issued an order to show cause to allow Allen to explain why the complaint should not be dismissed. Doc. #6; *see also Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007) (court should not ordinarily dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal). As relevant here, I noted that a false arrest claim like a malicious prosecution claim requires proof that there was a favorable termination of the charge serving as the basis for arrest and prosecution. *See, e.g., Miles v. City of Hartford*, 445 F. App'x. 379, 382-83 (2d Cir. 2011) (citing *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992)); *Miller v. Stallworth*, 2018 WL 3974730, at *4 (D. Conn. 2018). I noted that the complaint did not allege any facts at all concerning the subsequent disposition of any charges for which Allen was arrested.[1]

Allen filed a response to the order to show cause. Doc. #7. In his response, Allen states that "the charges were dismissed with no admission or finding of guilt in early 2018 for completion of a DUI education, which I think can be considered a 'favorable termination' of the arrest." *Id.* at 2; *see also id.* at 5 (proposed amended statement of claim alleging that "Plaintiff plead not-guilty to these charges and the charges were dismissed with no finding or admission of guilt for completion of a DUI education program.").

---

[1] The order to show cause also noted a concern about whether the complaint alleged facts to plausibly show the absence of probable cause for arrest. In light of Allen's response to the order to show cause clarifying his position with respect to this issue and further stating his intent to proceed on a cause of action for malicious prosecution, I do not base this order of dismissal on any conclusion about probable cause.

These facts as recounted by Allen are not sufficient to satisfy the favorable termination requirement. As the Second Circuit has held, the favorable termination requirement demands a "show[ing] that the underlying criminal proceeding ended in a manner that *affirmatively indicates [the arrestee's] innocence*." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018) (emphasis added). Similarly, the Second Circuit has explained that the favorable termination requirement is not satisfied by entry of a *nolle prosequi* "when it is entered for reasons that are 'not indicative of the defendant's innocence'" and this "includes any *nolle* entered *in exchange for consideration* offered by the defendant (*e.g.*, cooperation)." *Spak v. Phillips*, 857 F.3d 458, 464 (2d Cir. 2017) (emphasis added).[2]

Although Allen alleges that the charges were dismissed without any admission or finding of guilt, he does not allege any facts to suggest that they were dismissed in a manner that affirmatively indicates his innocence. To the contrary, Allen alleges that the charges were dismissed in return "for completion of a DUI education program." Doc. #7 at 5. Thus, by Allen's own acknowledgement, the charges were dismissed in return for consideration and in a manner that does not affirmatively indicate his innocence. This is especially clear from the fact that the consideration given (completion of a DUI education program) is linked to the ground for which Allen was arrested (driving under the influence). As other judges have ruled in similar contexts, the dismissal of charges in return for a defendant's completion of a rehabilitation program does not constitute a favorable termination. *See Conquistador v. Zweibelson*, 2019 WL 4758350, at *4 (D. Conn. 2019) (citing cases and concluding that there was no favorable termination when

---

[2] Both *Lanning* and *Spak* rely on the Restatement (Second) of Torts § 660 for guidance concerning the meaning of the favorable termination requirement. The Restatement provides in relevant part that there is no favorable termination if "(a) the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused." Restatement (Second) of Torts § 660(a); *see also Murphy v. Lynn*, 118 F.3d 938, 949 (2d Cir. 1997) (noting the "prevailing view" that "if the abandonment was the result of a compromise to which the accused agreed, or an act of mercy requested or accepted by the accused…it is not a termination in favor of the accused").

criminal charges were *nolled* in exchange for completion of six-month mental health treatment program).

Accordingly, I conclude that Allen has not alleged facts to satisfy the favorable termination requirement for a false arrest or malicious prosecution claim. Therefore, I will dismiss the complaint on the ground that it does not state plausible grounds for relief as to Allen's claims against Harkins for false arrest and malicious prosecution.

## CONCLUSION

The Court DISMISSES the complaint without prejudice. The Clerk of Court shall close this case. If Allen is able to allege additional facts that show valid grounds to proceed against Harkins, he may file a motion to reopen this action along with an amended complaint by **August 20, 2020**.

It is so ordered.

Dated at New Haven this 30th day of July 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge